**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARRY D. BALES,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

Case No. 07-2517-JTM

**MEMORANDUM AND ORDER**

Presently before this court is plaintiff Larry Bales' (Bales) petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 8). For the following reasons, the court denies the appeal and affirms the decision of the Administrative Law Judge (ALJ).

**I. BACKGROUND**

This suit involves an application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Bales' application was denied initially, and on reconsideration (Tr. 35, 37-40; Tr. 36, 43-46). On December 27, 2006, after a hearing, an ALJ found that Bales was not under a "disability" as defined by the Act. On August 27, 2007, the Appeals Council of the Social Security Administration denied Bales' request for review of the ALJ's decision (Tr. 7-10).

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which are incorporated herein. Bales argues that he became disabled after he was laid off from his previous job as a lawn maintenance worker on December 1, 2000, and has not been able to

pursue gainful employment.  The ALJ concluded that Bales suffered from severe impairments due to degenerative joint disease of both elbows, degenerative disc disease/degenerative joint disease of the back, and carpal tunnel syndrome (Tr. 33).  However, the ALJ found that Bales did not have any medically determinable impairments that met or equaled the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Specifically, the ALJ found that Bales had the residual functional capacity (RFC) to:

> lift, carry, push or pull 10 pounds frequently and 20 pounds occasionally; stand and walk a total of 6 hours of an 8 hour day; sit a total of 6 hours of an 8 hour day; occasional balance, stoop, kneel, or crouch; no climbing of ladders, ropes or scaffolding; no repetitive hard grasping with his dominant hand, but no fine manipulative limitation; and must avoid exposure to extreme cold and vibration.

(Tr. 33).

After fully analyzing the evidence, the ALJ found that Bales was not disabled at any time prior to or on December 31, 2004 (Tr. 33).  The ALJ also rejected the findings and the March 2004 opinion of Bales' orthopaedic treating physician, Dr. Hamilton, that Bales was totally disabled from performing any significant gainful employment because other objective evidence provided by Dr. Hamilton and other physicians established the contrary.  Further, the ALJ found that Bales' statements concerning his subjective complaints of pain were not credible and not supported by the objective evidence in the record.  Finally, the ALJ concluded that although Bales could not perform any of his past relevant work, he could perform work as a messenger, gate guard, molding machine operator, production checker, and surveillance monitor, and that Bales had not been under a disability at any time from December 1, 2000, to December 31, 2004.

## II. LEGAL STANDARD

This court's standard of review is governed by the Social Security Act, which provides, in part, that the "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court reviews the Commissioner's decision only to determine whether the decision was supported by substantial evidence, and that the correct legal standard was applied. *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). "'Substantial evidence' requires 'more than a scintilla, but less than a preponderance,' and is satisfied by 'such evidence that a reasonable mind might accept to support the conclusion.'" *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The court is not allowed to "reweigh the evidence nor substitute [its] judgment for that of the agency." *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). However, the findings will not be affirmed without scrutinizing the entire record to determine if the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

An individual is under a disability only if the individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The physical or mental impairment must be so severe that the individual cannot perform any of his or her past relevant work, and cannot engage in other substantial gainful work existing in the national economy, considering the individual's age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2008).

The Social Security Administration, pursuant to the Social Security Act, has established a five-step evaluation process for determining whether an individual is disabled. *Allen v.*

*Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2008).  If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989).  The first three steps require the Commissioner to determine: (1) whether the claimant has engaged in gainful activity since the disability began; (2) whether the claimant has severe physical or mental impairments; (3) whether the severity of the impairments meet or equal a specific list of impairments.  *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988); 20 C.F.R. § 404.1520.  When the impairment does not meet or equal a listed impairment, the ALJ must "make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence in your case record."  20 C.F.R. § 416.920(e).

After assessing the claimants RFC, the Commissioner may move to steps four and five, which require assessing whether the claimant can perform any past relevant work and whether the individual can generally perform other work that exists in the national economy.  *Williams*, 844 F.2d at 751; 20 C.F.R. § 404.1520.  While the claimant bears the burden of proof in steps one through four to prove that the claimant has a disability that prevents performance of past relevant work, the commissioner bears the burden at step five to prove that there are jobs in the national economy that the claimant can perform.  *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001).

### III. ANALYSIS

In this case, Bales claims that: (1) the ALJ failed to consider each of his impairments collectively; (2) the ALJ improperly rejected the findings and March 2004 opinion of his orthopaedic treating physician, Dr. Hamilton; (3) the ALJ's RFC assessment is not supported by substantial evidence; and (4) the ALJ improperly evaluated his subjective complaints and the testimony of his wife. The Commissioner disagrees with each of Bales' contentions.

Turning to Bales' first claim of error, when analyzing a claimant's alleged impairments, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The Social Security Act states:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(d)(2)(B) (2008).

Here, the ALJ specifically analyzed all of Bales' alleged impairments, including those linked to both his back and elbow pain, and concluded that they did not meet those contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. Because the ALJ evaluated Bales' alleged impairments together and determined that even with those impairments Bales had the RFC for significant gainful employment, there is substantial evidence to support the ALJ's conclusion that Bales was not disabled.

Next, Bales argues that the ALJ improperly discounted Dr. Hamilton's opinion that he was disabled and unable to perform any relevant work. On March 26, 2004, Dr. Hamilton

retroactively assessed that Bales was disabled, even though he had not examined him for over two and one-half years.  The ALJ concluded that Dr. Hamilton's March 2004 opinion contradicted his prior and subsequent opinions, and the opinions of the other physicians who examined Bales, all of which concluded he was not disabled.  An ALJ must give controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record."  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  However, "if the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004).  Additionally, a physician's opinion may be discredited if it is contradicted by any other source, including other opinions given by the same physician.  *See* 20 C.F.R. § 404.1527(d)(6).

Based on this standard, the ALJ did not err in discounting the medical opinion of Dr. Hamilton.  Dr. Hamilton's March 2004 opinion was given two and one-half years after he had last treated Bales.  The ALJ properly considered all of the relevant evidence, and clearly noted that Dr. Hamilton's March 2004 opinion was not supported by substantial evidence.

Next, Bales argues that the ALJ's RFC assessment was not supported by substantial evidence because the ALJ did not include the restrictions contained in Dr. Hamilton's March 2004 opinion in the RFC assessment.  "RFC is what an individual can still do despite his or her limitations."  SSR 96-8p, 1996 WL374184 at 2.  The ALJ must determine whether the RFC is supported by substantial evidence in the record.  *Cowan v. Astrue*, 2008 WL 5459599 (10th Cir. 2008); *see* 20 C.F.R. § 404.1546.  As stated previously, the ALJ disregarded Dr. Hamilton's March 2004 opinion because it was inconsistent with the rest of the objective medical evidence

6

pertaining to Bales' alleged impairments, and with some of Dr. Hamilton's other opinions.  The ALJ gave sufficient reasons for discounting Dr. Hamilton's opinion, and other objective evidence supports the RFC.

Finally, Bales argues that the ALJ improperly evaluated his subjective complaints and Bales' wife's testimony.  Subjective allegations of pain are not enough on their own to establish disability.  *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  "[I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." *Id.* at 1489 (citations omitted).  The ALJ properly analyzed Bales' subjective complaints, and specifically noted several inconsistencies in Bales' testimony and other substantial evidence in the record.  At the disability hearing, Bales testified that he is unable to stand or walk due to his back, that he has back pain, and that he must lie down if he stands five minutes.  He also testified that he could not sit in a chair more than 45 minutes and can only walk 30 to 40 feet.  This evidence is directly contradictory to other evidence in the record, specifically, a disability report completed in January 2004 in which Bales stated that he often performed physical tasks including, household chores, mowing the lawn, cooking dinner, mechanical repairs, and driving his grandson to school.  Similarly, the testimony of Bales' wife is inconsistent with this evidence.  Thus, Bales' claim that the ALJ improperly considered his subjective testimony or that of his wife is without merit.

The ALJ's decision is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 19th day of February, 2009, that the present appeal is hereby denied.

 s/ J. Thomas Marten          
J. THOMAS MARTEN, JUDGE
